FILED
U.S. DISTRICT COURT
MIDDLE GEORGIA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA    2009 JAN 20  AM 10 35
ALBANY DIVISION

DEPUTY CLERK

MARSHA AARON,                        )
                                     )
        Plaintiff,                   )    CIVIL ACTION FILE NO.
                                     )    1:08-CV-67-WLS
vs.                                  )
                                     )
BOARD OF REGENTS OF THE              )
UNIVERSITY SYSTEM OF                 )
GEORGIA on behalf of ALBANY          )
STATE UNIVERSITY, and                )
EVERETTE J. FREEMAN,                 )
                                     )
        Defendants.                  )

## AGREED PROTECTIVE ORDER

WHEREAS the parties to this Order believe that discovery in the above-

entitled action may involve the disclosure of confidential, personnel, trade secret,

proprietary, technical, business, and/or financial information (hereinafter referred

to collectively as "confidential information" or "confidential material"), it is hereby

ordered as follows:

1.    All documents and information derived from such documents in this case

      shall be used solely for the purpose of this litigation and for no other

      purpose.

2.    If any answer given or document produced in response to discovery in this

1

case contains any confidential information, the responding party may mark such information or document as "CONFIDENTIAL." Any information or document so marked shall not be disclosed to any person except as may be permitted by this Order. The designation of any information or document as "CONFIDENTIAL" shall be made in good faith. When at a deposition, counsel shall agree to reserve the right to declare some or more answers confidential and shall so mark the transcript within thirty (30) days after receipt.

3.      Parties wishing any document filed as part of the record under seal must first present a motion and/or consent order regarding said document to the Court. The Clerk of the Court is not authorized to accept for filing any document designated as sealed without an Order from the Court approving specific documents to filed under seal. Upon approval by the Court, the protected materials shall be filed in a sealed envelope with the caption of the lawsuit, the title of the court paper, the legend "Confidential - Subject to Court Order" and the statement to the effect: "This envelope contains documents filed in this case by [name of party]; it is not to be opened by, nor are the contents to be displayed or revealed to anyone other than authorized Court personnel, except upon order of the Court."

4.   This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person, including any witness or potential witness, with respect to confidential information. The fact that information is or is not designated "CONFIDENTIAL" under this Protective Order shall not determine what a trier-of-fact may find to be confidential or proprietary.

5.   The aforesaid designation as to documents shall be made by stamping or otherwise marking "CONFIDENTIAL" on each page of the document which the designating party wishes to designate as confidential. All documents to be so designated shall be marked prior to the transmission of a physical copy thereof to the receiving party.

6.   Information and documents designated as "CONFIDENTIAL" shall be disclosed only to the following:

   a.   Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in the above-entitled action;

   b.   The parties in the above-styled action;

   c.   The Court and persons employed by the Court working on this litigation;

3

d.    Court reporters at the proceedings in this action;

e.    Experts or consultants retained or consulted by the parties, but only as set out below;

f.    Deponents, trial witnesses and potential deposition witnesses, but only as set out below.

Prior to making such disclosure of any confidential documents or information pursuant to this Order, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents, or any portions thereof, may be used only for the persons set forth in this Order. Additionally, each person to whom disclosure of confidential documents and information is permitted shall be shown a copy of this Order and shall be specifically advised by counsel that this Order applies, and is binding upon such individual.

6.    Inadvertent or unintentional production or disclosure of any document or material without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop said party from so designating said document or material as confidential at a later date. Disclosure of said document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of

4

this Order.

7.  With respect to any information or document, or portion thereof, which has been designated "CONFIDENTIAL," any party may at any time serve a written notice of objection to such designation. Within seven (7) days of receipt of that objection, counsel shall attempt to resolve the dispute informally. If no agreement can be reached, the objecting party may move for an order to change the designation of the materials in question.

8.  After the termination of this action, the restrictions on communications and disclosure provided for herein shall continue to be binding upon the parties and upon all of the persons to whom documents, answers to interrogatories, deposition transcripts or other items of discovery designated as "CONFIDENTIAL" or material contained therein have been communicated or disclosed pursuant to the provisions of this Agreed Protective Order or any other order of the Court.

9.  This Agreed Protective Order is intended to provide a mechanism for the handling of confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation,

5

confidentiality, relevance or privilege.

10.   The parties' attorneys shall have the right to use any information contained in such documents in the trial of this case.  The parties do not waive any right to object at trial to the admissibility of any document or portion thereof, nor the right to file a Motion in Limine regarding the use at trial of any document or portion thereof.

11.   Upon request by the producing party, within ninety (90) days of the conclusion of this matter to all parties, each confidential document and all excerpts or summaries thereof produced by that party, shall be returned to it/him/her.

12.   Nothing in this Order shall prevent a party from any use of his, her or its own confidential documents.

13.   The terms of this Order are subject to modification, extension or limitation as may be hereinafter agreed to by all parties or by order of the Court.

Let the Clerk send a copy of this Order to counsel of record.

AGREED TO, this 15th day of January, 2009.

**s/ John D. Wales, Esq.**
Georgia Bar No. 730785
Attorney for Plaintiff
LAW OFFICES OF JOHN D. WALES
1950 Spectrum Circle, Suite 400
Marietta, Georgia 30067
Telephone:  (770) 850-2545
Facsimile:  (770) 850-2548
Email:  JohnDWales@aol.com

**s/ Kimberly Blue Lewis, Esq.**
Georgia Bar No. 451925
Attorney for Defendants
Senior Assistant Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
Telephone:  (404) 656-4935
Facsimile:  (404) 657-9932
Email:  klewis@law.ga.gov

**************************

SO ORDERED:

This _16th_ day of _Jan_, 2009.

THE HONORABLE W. LEWIS SANDS
UNITED STATES DISTRICT COURT

7